ROBINS KAPLAN LLP
Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
James P. Menton, Jr., Bar No. 159032
JPMenton@rkmc.com
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Telephone:   (310)552-0130
Facsimile:   (310) 229-5800

MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
Robert E. O'Connor (*pro hac vice* to be filed)
roconnor@mmwr.com
437 Madison Avenue
New York, NY 10022
Telephone:  (212) 867-9500
Fax:            (212) 559-1759

Attorneys for Plaintiff
O.W. BUNKER NORTH AMERICA INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| O.W. BUNKER NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V KEN TOKU, I.M.O. NO. 9316945, her engines, (admiralty) tackle, equipment, and furnishings, *in rem*, <br><br> Defendant. | Case No. <br><br> **VERIFIED COMPLAINT** <br><br> **RULE 9(H)** |

VERIFIED COMPLAINT

Plaintiff, O.W. BUNKER NORTH AMERICA INC. ("OW NA" and/or "Debtor"),[1] by and through its undersigned counsel, against Defendant M/V KEN TOKU, I.M.O. NO. 9316945, HER ENGINES, TACKLE, EQUIPMENT, AND FURNISHINGS, *in rem*, alleges and pleads as follows:

## ADMIRALTY

1. This is a case of admiralty and maritime jurisdiction, as will more fully appear below, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil procedure.

2. Plaintiff invokes Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 – 1333.

4. This Court is the proper venue pursuant to 28 U.S.C. § 1391.

5. Jurisdiction and venue are based on the presence of Defendant, M/V KEN TOKU, I.M.O. NO. 9316945, HER ENGINES, TACKLE, EQUIPMENT, AND FURNISHINGS, *in rem*, within this district.

---

[1] On November 13, 2014, the Debtor together with O.W. Bunker USA Inc. and O.W. Bunker Holding North America Inc. (collectively "Debtors") submitted voluntary petitions for relief pursuant to Title 11 of Chapter 11 of the United States Code to the United States Bankruptcy Court for the District of Connecticut. The cases are now being jointly administered for procedural purposes only under the caption *In re O.W. Bunker North America Inc.*, Case No. 14-51720 (Bankr. D. Conn.) (JAM). The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158), and O.W. Bunker USA Inc. (3556).

## **PARTIES**

6.  The Plaintiff, O.W. BUNKER NORTH AMERICA INC., was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, with an office and principal place of business located c/o Alvarez & Marsal, LLC, 600 Madison Avenue, 7th Floor, New York, NY 10022.

7.  On November 13, 2014, OW NA filed a Voluntary Petition under Chapter 11 in the United States Bankruptcy Court for the District of Connecticut. *In re O.W. Bunker North America Inc.*, U.S.D.C., Bank. D. Conn., Case No. 14-51721 (Bankr. D. Conn.) (JAM) now being jointly administered for procedural purposes only under the caption *In re O.W. Bunker North America Inc.*, Case No. 14-51720 (Bankr. D. Conn.) (JAM).

8.  On information and belief, Defendant M/V KEN TOKU, I.M.O. NO. 9316945, HER ENGINES, TACKLE, EQUIPMENT, AND FURNISHINGS, *in rem* ("M/V KEN TOKU") is an ocean-going vessel registered to sail under the flag of Panama, and is now, or during the pendency of this action will be, within this district.

9.  On information and belief, at all material times, non-party Panoco Trading Co. Ltd. ("Panoco") was and still is the owner, manager, officer, charterer, or authorized agent of the M/V KEN TOKU, with an office located c/o OceanConnect Marine Inc., 44 South Broadway, Suite 601, New York, NY 10601.

# **FACTS**

10. On or about October 12, 2014, Panoco entered into a contract with OW NA for the sale, supply, and delivery of marine fuel oil ("bunkers") to the M/V KEN TOKU, to be supplied at the port of Long Beach, CA between October 16 and October 18, 2014. (*See*: Exhibit A – OW NA Sales Order Confirmation No. 209-10297).

11. The contract between Panoco and OW NA expressly identified "O.W. Bunker North America Inc." as "Supplier." (*See*: Exhibit A).

12. On October 16 and October 17, 2014, OW NA did, in fact, sell, supply, and deliver bunkers to the M/V KEN TOKU at the port of Long Beach, CA pursuant to the aforementioned contract. (*See*: Exhibit B – OW NA Bunker Delivery Receipt).

13. OW NA's Bunker Delivery Receipt was signed by the M/V KEN TOKU's Master or Chief Engineer, acting as authorized agents for the M/V KEN TOKU, and stamped with the M/V KEN TOKU's official seal. (*See*: Exhibit B).

14. By signing and stamping OW NA's Bunker Delivery Receipt, the Master or Chief Engineer accepted the bunkers for and on behalf of the M/V KEN TOKU. (*See*: Exhibit B).

15. The bunkers that were sold, supplied, and delivered by OW NA to the M/V KEN TOKU were necessary for the vessel's participation in worldwide commercial trade.

16. The M/V KEN TOKU received the benefit of the bunkers, is obligated to pay for the bunkers, and is indebted to OW NA for the bunkers.

17. On October 17, 2014, OW NA invoiced Panoco in the amount of $277,156.78 in connection with the aforementioned sale, supply, and delivery of bunkers to the M/V KEN TOKU at the port of Long Beach, CA on October 16 and October 17, 2014. (See: Exhibit C – OW NA Invoice No. 209-10370).

18. Despite repeated demands, Panoco has not paid OW NA, and the full invoiced amount of $277,156.78 remains due and owing to OW NA.

19. Under Clause I.5 and I.7 of the OW Bunker Terms and Conditions of Sale for Marine Bunker that were incorporated by reference in the contract between OW NA and Panoco, OW NA is entitled to recover from Panoco interest at the rate of 3% compounded monthly, delayed administration fees of USD 1.50 per metric ton of bunkers supplied, and reasonable attorney's fees incurred by OW NA in connection with the collection of the overdue payments. (*See*: Exhibit D).

**FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF OW NA**

20. Pursuant to 46 U.S.C. § 31342, any entity "providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel."

21. OW NA was the contract and physical suppliers of marine fuel oil to the M/V KEN TOKU pursuant to the contract between Panoco and OW NA. (*See*: Exhibits A and B).

22. Bunkers that are consumed by a vessel are "necessary" pursuant to 46 U.S.C. § 31301(4).

23. Pursuant to 46 U.S.C. § 31341, a vessel's owner, master, manager, officer, agent, or charterer is presumed to have the authority to procure necessaries for a vessel.

24. Panoco, as owner, manager, officer, charterer, of agent of the M/V KEN TOKU, is presumed to have authority to procure necessaries for the M/V KEN TOKU.

25. The M/V KEN TOKU's Master or Chief Engineer is presumed to have authority to procure necessaries for the M/V KEN TOKU.

26. Accordingly, OW NA, who was known to Panoco as the contract and physical supplier of bunkers to the M/V KEN TOKU and whose sale, supply, and delivery of bunkers to the M/V KEN TOKU was inspected and accepted by the M/V KEN TOKU's Master or Chief Engineer, has a maritime lien on the M/V KEN TOKU in the amount of $277,156.78.

27. Pursuant to 46 U.S.C. § 31342(2), OW NA may bring civil actions *in rem* to enforce the lien.

28. Pursuant to Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, OW USA and OW NA may commence actions *in rem* to enforce their maritime liens.

## PRAYER

For the foregoing reasons, Plaintiff OW NA respectfully requests that:

A. A Warrant for Arrest of the M/V KEN TOKU may issue;

B. The M/V KEN TOKU is seized by the U.S. Marshal and held as security against any judgment to be entered in this action;

C. A judgment be entered in favor of Plaintiff OW NA and against the M/V KEN TOKU *in rem* in the amount of $277,156.78 for their claims, with pre and post judgment interests at a rate of 3% compounded monthly, applicable charges under OW NA standard terms and conditions clauses I.5 and I.7, attorneys' fees and any other amount as maybe proved herein;

D. The M/V KEN TOKU may be condemned and sold to pay the same; and

E. Plaintiff OW NA be granted such other and further relief as the Court may deem just and appropriate under the circumstances.

DATED: November 16, 2015        ROBINS KAPLAN LLP

By: _____
Michael A. Geibelson
James P. Menton, Jr.

*and*

Robert E. O'Connor

*Attorneys for Plaintiff O.W. Bunker North America Inc.*

# **VERIFICATION**

Pursuant to 28 U.S.C. § 1746 and Local Admiralty Rule E.3 (RE-E.2):

1. I, Hans Staal Jonassen, am an Authorized Officer of O.W. BUNKER NORTH AMERICA INC. ("OW NA");

2. I have read the Verified Complaint;

3. I am familiar with the facts alleged in the Verified Complaint;

4. I verify to the best of my knowledge, information, and belief under penalty of perjury under the laws of the United States of America that the allegations in the Verified Complaint are true and correct.

Executed on: November __16__, 2015     Signed: _____

                                                                              Hans Staal Jonassen